NOT FOR PUBLICATION

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-11136

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ALEJANDRA FLOREZ-MEZA,
a.k.a. La Princesa,
a.k.a. Princepe,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cr-20069-DPG-1

_____

Before ABUDU, KIDD, and ANDERSON, Circuit Judges.

PER CURIAM:

Alejandra Florez-Meza pleaded guilty to money laundering conspiracy and was sentenced to 63 months of imprisonment. She now appeals her sentence, challenging the district court's calculation of her advisory imprisonment range under the United States Sentencing Guidelines. We conclude that the district court committed no procedural error in imposing Florez-Meza's sentence, so we affirm.

## I. BACKGROUND

Florez-Meza was involved in a conspiracy to transport money out of the United States for use in the manufacture, importation, sale, and distribution of controlled substances. Specifically, on July 25, 2022, a confidential source working with south Florida law enforcement met with Florez-Meza to set up an exchange of $740,000 for cocaine. During this meeting, Florez-Meza showed the source photos of luggage containing money and remarked that "moving money was her job."

For the instant transaction, which was a controlled purchase orchestrated by police, the source informed Florez-Meza that the money would be delivered by car in three days' time and that she could take the car and drive away with the money. Florez-Meza explained that another person would be responsible for picking up the car, and they negotiated that Florez-Meza would receive an eleven percent "laundering fee" for her services. When Florez-Meza met the source again on the agreed-upon date, she said that someone was on the way to pick up the car and money. After that

individual drove away in the car, police intervened and arrested Florez-Meza.

Florez-Meza was thereafter indicted for conspiracy to engage in money laundering, in violation of 18 U.S.C. § 1956(h) (Count One), and attempted money laundering, in violation of 18 U.S.C. § 1956(a)(2)(A) (Count Two). Pursuant to a written plea agreement, Florez-Meza pleaded guilty to Count One in exchange for the dismissal of Count Two.

Florez-Meza's presentence investigation report ("PSI") provided a base offense level of 22 because the laundered funds were valued between $550,000 and $1,500,000. United States Sentencing Guidelines Manual §§ 2B1.1(b)(1)(H), 2S1.1(a)(2) (Nov. 2024). The PSI assessed a six-level enhancement because Florez-Meza knew or believed that some of the laundered funds were the proceeds of drug activity and a two-level enhancement because Florez-Meza was convicted under 18 U.S.C. § 1956. *Id.* § 2S1.1(b)(1)(B)(i), (b)(2)(B). The PSI further assessed a three-level reduction because Florez-Meza accepted responsibility and timely notified the government of her intention to plead guilty. *Id.* § 3E1.1(a), (b). Based on a total offense level of 27 and Florez-Meza's placement in criminal history category III, the PSI provided an advisory guideline range of 87 to 108 months of imprisonment.

Florez-Meza objected and challenged, in relevant part, the PSI's failure to assess a: (1) two-level reduction for her alleged mi-

nor role in the offense under § 3B1.2(b), and (2) a three-level reduction under § 2X1.1(b) based on her purported failure to complete all the necessary acts of money laundering.

At sentencing, the district court heard argument on these disputed guideline issues and overruled both of Florez-Meza's objections. As to the minor-role adjustment, the court was "mindful of the fact that this happened over a limited period of time," recognizing that Florez-Meza engaged with the confidential source over the course of only three days. However, the court noted that Florez-Meza was being held accountable only for the $740,000 she agreed to launder, rather than anything that occurred in the broader scope of the charged conspiracy. It further noted that, in facilitating the subject transaction, Florez-Meza "actively negotiated . . . her own fee." And considering these facts, the court could not "see . . . how she [was] a minor participant in the specific transaction for which she was involved." The district court likewise found that the § 2X1.1 reduction was inapplicable because Florez-Meza laundered the entire amount to which she agreed.

The district court then adopted the PSI's guideline calculations, heard argument on the 18 U.S.C. § 3553(a) factors, and sentenced Florez-Meza to 63 months of imprisonment. This appeal followed.

## II. STANDARD OF REVIEW

We review a district court's interpretation and application of the Sentencing Guidelines de novo. *United States v. Dupree*, 57 F.4th 1269, 1272 (11th Cir. 2023) (en banc). However, we review

a district court's factual findings at sentencing, including a determination of the defendant's role in the offense, for clear error. *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc); *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010).

## III. DISCUSSION

When reviewing a sentence, we must first ensure that a district court committed no significant procedural error, such as improperly calculating a defendant's guideline range. *Gall v. United States*, 552 U.S. 38, 51 (2007). Florez-Meza argues that the district court did just that in this case by failing to apply her requested § 3B1.2 and § 2X1.1 adjustments. We will address each disputed guideline issue separately.

### A. *U.S.S.G. § 3B1.2 Minor-Role Adjustment*

The Sentencing Guidelines provide for a two-level reduction if a defendant was a minor participant in the criminal activity. U.S.S.G. § 3B1.2(b). The guidelines commentary, which we may consider here because neither party contests its validity, provides guidance for courts in determining whether such an adjustment is appropriate. *See United States v. Jews*, 74 F.4th 1325, 1327–28 & n.2 (11th Cir. 2023). *Compare Dupree*, 57 F.4th at 1275–79.

A minor participant is someone "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, cmt. (n.5). The determination of whether to apply a minor role adjustment "is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular

case." *Id.* § 3B1.2, cmt. (n.3(C)). The following factors are pertinent to that determination: (1) "the degree to which the defendant understood the scope and structure of the criminal activity"; (2) "the degree to which the defendant participated in planning or organizing the criminal activity"; (3) "the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority"; (4) "the nature and extent of the defendant's participation," including which "acts the defendant performed and the responsibility and discretion the defendant had in performing those acts"; and (5) "the degree to which the defendant stood to benefit from the criminal activity." *Id.*

Florez-Meza argues that a minor-role reduction was appropriate in her case because: (1) she had no decision-making authority or control in the "extensive" conspiracy; (2) her involvement in the instant case occurred over only a three-day period; and (3) she was held responsible only for accepting money in a government-controlled delivery. We disagree and find that Florez-Meza failed to meet her burden of proving her minor role in the instant offense. *De Varon*, 175 F.3d at 939.

"First and foremost, the district court must measure the defendant's role against the *relevant conduct for which she has been held accountable*." *Id.* at 940 (emphasis added). As the district court recognized, the only conduct attributed to Florez-Meza was the single instance of money laundering. Florez-Meza did not play a minor role in this subject conduct—rather, she facilitated the entire transaction. She met with the source to discuss the details, agreed to

certain terms, including negotiating the amount of her "laundering fee," recruited another individual to pick up the money on her behalf, and appeared at the pickup location on the agreed upon date.

Given the decision-making authority Florez-Meza exercised over the subject transaction, we cannot say that the district court clearly erred in finding that a minor-role reduction was inappropriate. *See United States v. Boyd*, 291 F.3d 1274, 1278 (11th Cir. 2002) (noting that a district court has "considerable discretion in making this fact-intensive determination"). And, despite Florez-Meza's contention to the contrary, the district court's brief statement that it had considered "all the *De Varon* factors" when discussing the facts of Florez-Meza's case was sufficient to justify its denial of such an adjustment. *De Varon*, 175 F.3d at 940 ("[A] district court is not required to make any specific findings other than the ultimate determination of the defendant's role in the offense.").

While we recognize that Florez-Meza was only a small player in a large criminal conspiracy, that is not a sufficient basis to award her a minor-role reduction. The fact that her involvement in the broader drug trafficking scheme may have been less than many co-conspirators does not mean that she played a minor role in the specific money-laundering scheme for which she was held responsible in this case. *Id.* at 941 ("[W]here the relevant conduct attributed to a defendant is identical to her actual conduct, she cannot prove that she is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which she was a minor participant for which she was not held accountable.").

We therefore affirm the district court's decision to deny Florez-Meza a two-level minor-role adjustment.

### B. *U.S.S.G. § 2X1.1(b) Reduction*

"Section 2X1.1 [of the Sentencing Guidelines] applies to conspiracies to commit money laundering." *United States v. Khawaja*, 118 F.3d 1454, 1458 (11th Cir. 1997). "Under § 2X1.1, the sentencing court applies the base offense level from the guideline for money laundering, 'plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty.'" *Id.* (quoting U.S.S.G. § 2X1.1(a)). However, a defendant should receive a three-level reduction if they did not complete all the acts that they "believed necessary" to successfully complete the underlying substantive offense. *See* U.S.S.G. § 2X1.1(b)(1) (applicable to attempt crimes); *id.* § 2X1.1(b)(2) (applicable to conspiracy offenses).

Florez-Meza asserts that the district court erred in denying her this three-level reduction because she did not complete crucial steps of the offense. Specifically, she contends that "simply receiving the proceeds did not conclude her involvement," as she had intended to transport the subject funds to Colombia but was unable to do so because of her arrest. We are unpersuaded by these arguments.

Conspiracy to commit money laundering requires: (1) an agreement between two or more people to commit money laundering; and (2) knowing and voluntary participation in that agreement. *United States v. Broughton*, 689 F.3d 1260, 1280 (11th Cir.

2012). In this case, Florez-Meza met with the source, coordinated the time, date, and location for the money delivery, met the source on that agreed-upon date, and recruited an individual to pick up the money on her behalf. By her own admission in a post-arrest interview, if she had not been apprehended, Florez-Meza would have gone to her home to count the money and then transported the $740,000 to Colombia. *See United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006) ("[A] failure to object to allegations of fact in a PSI admits those facts for sentencing purposes.").

At the time she was arrested, Florez-Meza was on the cusp of completing all the acts she believed necessary to launder the subject funds. Because the only thing that stopped her from completing this final goal was police intervention, we find no error in the district court's determination that Florez-Meza was ineligible for a three-level § 2X1.1(b) reduction. *See* U.S.S.G. § 2X1.1, cmt. background ("In most prosecutions for conspiracies or attempts, the substantive offense was substantively completed or was interrupted or prevented on the verge of completion by the intercession of law enforcement authorities . . . . In such cases, no reduction of the offense level is warranted."); *see also United States v. Geevers*, 226 F.3d 186, 198 (3d Cir. 2000) ("This [background] note, in conjunction with the guideline's text, makes clear that interruption, except in the early planning stages, precludes the three-level reduction.").

## IV. CONCLUSION

We **AFFIRM** Florez-Meza's sentence.